Phillip B. Greer
Law Offices of Phillip B Greer
1280 Bison Road B9-531
Newport Beach, California 92660
(949) 640-8911
(949) 759-7687 (fax)

Attorney for Defendant
Chriss Street

FILED
JAN 22 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

In re: Fruehauf Trailer Corporation et al, ) Case No.: 96-01563-1572 RN
) Adv 08-01868  /Adv 08-5060SPJW
) Notice of Motion and Motion to
) Transfer Matter
      Debtor )
) Date: 2/19/09
_____ )
)
Daniel W Harrow, As successor ) Time: 10:30 am
Trustee of the End of the Road Trust, )
) Courtroom: 1645
      Plaintiff, )
)
v. )
)
Chriss W Street, As Former Trustee of )
the End of the Road Trust, )
)
      Defendant )
_____ )

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Notice of Motion and Motion to Transfer Matter - 1

Please take notice that on 2/19/09 at 10:30am in Courtroom 1645 of the above entitled court, Defendant Chriss Street will move the Court to transfer this matter to the Santa Ana Division of the Central District Court. Said motion will be based upon the fact that the convenience of the parties and the interests of justice necessitate the transfer. This motion will be based upon this notice, the points and authorities attached hereto, the declaration of Chriss Street, the declaration of Phillip Greer, the file herein and any additional information or evidence that may be introduced at the time of the hearing.

Dated: January 21, 2009

Phillip B Greer
Attorney for Defendant
Chriss Street

POINTS AND AUTHORITIES IN SUPPORT OF MOTION

On October 9, 2008, this matter was ordered transferred from the United States Bankruptcy Court, District of Delaware, to the United States District Court, Central District of California. On or about December 9, 2008, this matter was assigned to the Los Angeles Division for the Central District of California. Subsequent to the assignment, Defendant's counsel sought to negotiate a stipulation with Plaintiff's counsel to have the matter transferred to the Santa Ana Division. Defendant's Counsel failed in his attempt to negotiate such a stipulation. For the reasons stated below, the matter should have been assigned to the Santa Ana Division and, as such, should now be transferred to that Division pursuant to this motion.

The Federal Rules of Bankruptcy Procedure, Rule 7087, provides that the Court "on motion and after a hearing...may transfer an adversary proceeding or any part thereof to another district pursuant to 28 USC Section 1412."

28 USC Section 1412 provides that "a district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."

Both the interests of justice and the convenience of the parties requires that this matter be transferred to the Santa Ana Division.

In determining whether a change of venue meets the "interest of justice" and "convenience of the parties" criteria established by the Bankruptcy Code, the courts apply a broad and flexible standard and consider whether the transfer will promote the efficient administration of the estate, judicial economy,

1  timeliness and fairness. *In Re Grumman Olson Industries Inc* 329 BR 411 (Bankr.
2  S.D.N.Y. 2005)

3      As the declarations of Chriss Street and Phillip Greer clearly show, the
4  defendant resides in the Santa Ana Division, he works in the Santa Ana Division,
5  the operations of the Debtor originated in the Santa Ana Division, all the files,
6  evidence and a majority of the witnesses are located within the Santa Ana
7  Division, the alleged acts complained of in the action are alleged to have
8  occurred in the Santa Ana Division of the Central District of California and
9  Plaintiff's local counsel, as well as Defendant's local counsel, are both located
10 within the Santa Ana Division. To require the parties to travel to downtown Los
11 Angeles for hearings, motions and, ultimately, trial, to require the parties to
12 transport volumes and volumes of documents to Los Angeles for hearings and,
13 ultimately, trial, to mandate that witnesses and experts suffer the oppression of
14 rush hour traffic both to and from the Court, would be to place an undue burden
15 on those parties.

16     To require that witnesses and parties travel up to four hours a day for
17 hearings and, ultimately, trial, does nothing to promote the interests of justice,
18 the efficient administration of the bankruptcy estate, judicial economy or
19 fairness. To obligate witnesses, experts and parties to transport boxes of
20 documents to hearings and, ultimately, to trial burdens all parties and increases
21 the chances for missing documents and delayed witnesses.

22     The case law is clear that in instances where the actual conduct of the
23 business was carried on in a particular district, when the books and records of
24 that business have been, and are, located in that district, and where the parties
25 resided in, and continue to reside in, that district, the court has determined that

the transfer of venue to that district is appropriate. *In Re Fada Radio & Electronic Co* (1955 DC NY) 132 F Supp 89. See also *In Re L. F. Popell Co* (1963 DC NY) 221 F Supp 534; *Re F/S Airlease II Inc* (1986 BC Wd PA) 67 BR 428.

This matter meets all the established criteria. The Defendant lives and works in the Santa Ana District. The alleged acts complained of allegedly occurred in the Santa Ana District. Local counsel for both parties are officed in the Santa Ana District. All witnesses, experts, records and relevant information are located in the Santa Ana District.

The courts, in determining the appropriate venue, will also look at such factors as the location of witnesses relevant to the claims asserted and where the actions forming the basis of the claims asserted allegedly occurred. *In Re Armbrust* 274 B.R. 461 (WD Ky 2001). Further, the Court has held that in a situation where a 26 mile difference between two courts could result in a one and a half to two hour difference for each round trip travel time for the parties, it was fair and just to transfer venue. *Re Stolicker Dairy Farms* (1986 BC ED Mich) 67 BR 459, 15 BCD 265. Requiring parties, witnesses and experts to drive at least fifty (50) miles at the peak of Los Angeles rush hour traffic to attend a motion hearing or be on time for trial is unduly burdensome and, in no manner, contributes to the efficiency of the judicial process.

Again, referring to both of the declarations submitted with this motion and the file in this matter, the actions forming the claims asserted herein all allegedly occurred at the operational headquarters of the debtor, a headquarters which was located in Newport Beach, California. Furthermore, as the court can take judicial notice of, traveling from south Orange County to downtown Los Angeles can take up to two and one half hours each way, depending upon traffic.

1  In short, there is no reasonable basis for keeping this matter in the Los Angeles
2  Division of the Court.

4  A transfer of this matter to the Santa Ana Division of the Central District
5  of the California Bankruptcy Court promotes the interests of justice
6  and facilitates the convenience of the parties. As such, it is respectfully
7  requested that this Court order the matter transferred to the Santa Ana Division.

9  Dated: January 21, 2009

Phillip B Greer
Attorney for Defendant
Chriss Street

DECLARATION OF PHILLIP GREER

I, Phillip B Greer, declare:

I am an attorney duly licensed to practice before all Courts in the State of California. I am counsel for Defendant, Chriss Street, in this matter. I make this declaration of my own personal knowledge and belief and if called upon to testify, I would, and could, testify as follows.

M office is located in Newport Beach, California, within the parameters of the Santa Ana Division of the United State Bankruptcy Court's Central California Division. Local counsel for Plaintiff also has his offices in Newport Beach, California.

Defendant in this matter, Chriss Street, lives in Newport Beach, California and works in Santa Ana, California, again both locations being within the boundaries of the Santa Ana Division of the Court. Most, if not all, of the witnesses that Defendant intends to call in this matter reside in Orange County, California. The expert witnesses Defendant intends to call in this matter reside in Orange County, California.

Previously, when discovery was conducted in this matter, specifically the depositions of Defendant and percipient witnesses, they were conducted in Orange County, to accommodate both counsel, the Defendant and the witnesses. All relevant documents are located in Orange County, California and all acts alleged to have damaged Plaintiff allegedly occurred at the Debtor's headquarters in Newport Beach, California.

Given these facts, it would be extremely difficult, if not logistically impossible, to litigate this matter efficiently and effectively in Los Angeles.

Requiring experts and witnesses to travel to downtown Los Angeles for hearings, appearances and trial, trying to manage and coordinate those travels so as to not have parties become lost or delayed, attempting to manage and coordinate the transportation, storage and compilation of hundreds of documents and exhibits would impose serious and severe logistic and security issues which would divert attention from pressing legal issues and portend a potential for loss, distraction and delay.

On average, it takes me a little over two hours to get to downtown Los Angeles on an average weekday morning. If there is an accident or some other disruption on the road, travel time could extend to three hours. Returning to Orange County consumes approximately the same amount of time, again depending upon traffic and extraneous events. The Santa Ana Division courthouse is approximately twenty five minutes from both my office and the offices of counsel for the Plaintiff. Reducing that travel time will provide better, more effective attorneys and a more efficient judicial process.

There is no legal or rational reason to keep this matter in the Los Angeles Division of the Court. As such, it is respectfully requested that venue be transferred to the Santa Ana Division of the Central California District of the United States Bankruptcy Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Newport Beach, California this 21st day of January, 2009

Phillip B. Greer

DECLARATION OF CHRISS STREET

I, Chriss Street, declare:

I am the defendant in this matter. I make this declaration of my own personal knowledge and belief. If called upon to testify, I would, and could, testify as follows.

I reside in the City of Newport Beach, County of Orange, State of California. I work in the City of Santa Ana, County of Orange, State of California.

During its existence, Fruehauf Trailer Corporation was headquartered in the City of Newport Beach, County of Orange, State of California. All of the actions alleged by the Plaintiff in the adversary action, allegedly occurred at the company's headquarters in Newport Beach, California. All the witnesses and experts I intend to call on my behalf reside and work in Orange County, California. All the documents that I have relating to the allegations contained in Mr. Harrow's complaint are located in Orange County, California. My counsel has his office in Orange County, California. To facilitate the transportation of witnesses and documents to Los Angeles would be extremely difficult, inconvenient, inefficient, unfair and contrary to the effective administration of justice.

Given the nature of my job, the location of the experts and witnesses I intend to call in regard to the adversary action and the location of all relevant documents concerning the allegations contained in the adversary action, it would be extremely difficult, if not impossible, to litigate this matter efficiently and effectively in Los Angeles. Further complicating and impacting the situation is the simply fact that it takes anywhere from two to two and one half hours to

commute from either my office or my home in Orange County to the courthouse in Los Angeles. Such a commute would significantly impact my ability to participate in any and all proceedings given the amount of time I would be away from my work and the simply strain and stress of commuting to downtown Los Angeles on a constant basis. As an example, for a 9:30 am hearing, I would have to leave my house no later than 7:00 am, simply to ensure that I would not be late. Leaving my house at 7:00 am would require me to wake up no later than 5:45 am. Assuming that this matter ultimately goes to trial, I would experience another two plus hour commute at the end of the day, thus requiring me to spend up to five hours a day in traffic, unable to either work or contribute to the presentation of my case. Such a constant commute would negatively impact both my ability to assist in my defense and in my ability to perform my job.

    For the above reasons, it is respectfully requested that the Court grant my motion to transfer this matter to Santa Ana.

    I declare under penalty of perjury that the foregoing is true and correct. Executed at Newport Beach, California this 21st day of January, 2009.

Dated: January 21, 2009

_____
Chriss Street