Robert T. Kugler (MN #194116)
Robert L. DeMay (MN #22081)
Jacob B. Sellers (MN #348879)
LEONARD, STREET AND DEINARD
 *Professional Association*
150 South Fifth Street
Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500

*-and-*

Scott E. Blakeley (CA Bar No. 141418)
E-Mail: seb@blakeleyllp.com
Bradley D. Blakeley (CA Bar No. 189756)
E-Mail: BBlakeley@blakeleyllp.com
BLAKELEY & BLAKELEY LLP
1000 Quail Street, Suite 200
Newport Beach, CA 92660
Telephone: (949) 260-0611
Facsimile: (949) 260-0613

ATTORNEYS FOR PLAINTIFFS

UNITED STATES BANKRUPTCY COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Fruehauf Trailer Corporation<br><br>Debtors | Case No. 96-1563 through 96-1572<br>(Jointly Administered)<br><br>Chapter 11 |
| Daniel W. Harrow, as Successor Trustee of the End of the Road Trust, and American Trailer Industries, Inc.<br><br>Plaintiffs,<br><br>vs.<br><br>Chirss W. Street<br><br>Defendant. | Adv. Nos. 08-01865 RN / 08-01868 RN<br><br>**PLAINTIFFS' ANSWERING MEMORANDUM OF POINTS AND AUTHORITIES TO DEFENDANT'S MOTION TO TRANSFER VENUE** |

PLAINTIFFS' ANSWERING MEMORANDUM OF POINTS AND AUTHORITES
TO DEFENDANT'S MOTION TO TRANSFER VENUE

5913352v1

Plaintiffs, Daniel W. Harrow, as successor trustee of the End of the Road Trust (the "Successor Trustee"), and American Trailer Industries, Inc. ("ATII") by and through their undersigned counsel, hereby submit this Answering Memorandum of Points and Authorities to Defendant Chris W. Street's ("Street") Motion to Transfer Venue (the "Motion"). In opposition to the Motion, Plaintiffs state as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

On February 2, 2007, the Successor Trustee initiated this proceeding in the United States Bankruptcy Court for the District of Delaware (the "Delaware Court"). *See* Del. Doc. Entry 1.[1] On April 5, 2007, the complaint was amended to add ATII as a plaintiff. *See* Del. Doc. Entry 12.

On April 16, 2007, Street filed a motion to dismiss this proceeding for, *inter alia*, lack of subject matter jurisdiction. *See* Del. Doc. Entry 14. On June, 16, 2007, the Delaware Court denied Street's motion to dismiss (*see* Del. Doc. Entry 28) and shortly thereafter Street filed his Answer and Counterclaim. *See* Del. Doc. Entry 30.

On July 23, 2007, the Delaware Court entered a scheduling order (the "Scheduling Order") in this matter setting the written discovery deadline for September 16, 2007, and a pre-trial conference for February 4, 2008. *See* Del. Doc. Entry 36.

On September 14, 2007, Plaintiffs honored Street's request for a stipulated amendment of the Scheduling Order and extended the written discovery deadline to November 9, 2007, with the pre-trial conference remaining set for February 4, 2008. *See* Del. Doc. Entry 105.

On November 13, 2007, the Delaware Court granted Street's Motion to Further Extend the Second Scheduling Order and extended the written discovery phase of this

---

[1] All references to "Del. Doc. Entry" refer to the docket in this matter while venued in the United States Bankruptcy Court for the District of Delaware as case number 07-50398-PJW. That docket is docketed in this Court as docket entry number 1.

PLAINTIFFS' ANSWERING MEMORANDUM OF POINTS AND AUTHORITES
TO DEFENDANT'S MOTION TO TRANSFER VENUE

2

5913352v1

proceeding to December 9, 2007, and the pre-trial conference to March 13, 2008. *See* Del. Doc. Entry 116.

On January 3, 2008, the Delaware Court granted Street's Motion to Further Extend the Third Scheduling Order and extended the written discovery phase of this proceeding to March 7, 2008, and the pre-trial conference to May 6, 2008. *See* Del. Doc. Entry 132.

On April 11, 2008, the Delaware Court granted Street's Motion to Further Extend the Fourth Scheduling Order and extended the written discovery phase of this proceeding to June 6, 2008, and the pre-trial conference to September 8, 2008. *See* Del. Doc. Entry 167.

On April 29, 2008, Street filed a motion requesting that the Delaware Court enter a protective order in the companion adversary proceeding in which Street sought an order staying pretrial proceedings until 10 days after the entry of a final order on Street's advancement of legal fees and costs (the "Advancement Action"). *See* Doc. Entry 170.[2] On June 20, 2008, the Delaware Court granted Street's motion and stayed this proceeding until further order of the Delaware Court. *See* Del. Doc. Entry 191.

From late-June through mid-August 2008, the parties engaged in expedited discovery and briefing on cross-motions for summary judgment with respect to Street's purported advancement claim. *See* Adv. Pro. No. 08-50605 Doc. Entries 11-58.

On September 17, 2008, the Delaware Court denied Street's motion for summary judgment in the in Advancement Action. *See* Adv. Pro. No. 08-50605 Del. Doc. Entry 65 at 15. The Delaware Court stated the Street could go forward with his advancement claims, but would have to establish that the Successor Trustee abused his discretion under the Liquidating Trust Agreement when he declined to advance litigation costs to Street. *Id.* at 21-22.

On September 24, 2008, Street's Delaware counsel, Bayard PA ("Bayard"), filed a motion to withdrawal as Street's counsel. *See* Del. Doc. Entry 196.

---

[2] The Advancement Action is also currently pending before this Court as Adv. Pro. No. 08-1868. Docket Entry number 1 in that case consists of the docket for that matter while pending in the Delaware Court.

PLAINTIFFS' ANSWERING MEMORANDUM OF POINTS AND AUTHORITES
TO DEFENDANT'S MOTION TO TRANSFER VENUE

3

5913352v1

1   On September 25, 2008, the Delaware Court held a status conference to discuss the status of this proceeding in light of its denial of Street's motion for summary judgment and to set a schedule going forward. *See* Del. Doc. Entry 197. At that conference, the Delaware Court instructed the parties to submit proposed scheduling orders for this matter.

On September 29, 2008, in accordance with the Delaware Court's instruction, Plaintiffs submitted a proposed scheduling order that set this matter for trial on the earliest available date after February 23, 2009. *See* Del. Doc. Entry 198. On September 30, 2008, Street submitted his proposed form of scheduling order. *See* Del. Doc. Entry 199. Street's proposed order set this matter for pre-trial conference in April 2009.

On October 9, 2008, the Delaware Court held a hearing on Bayard's motion to withdrawal as Street's counsel. *See* Doc. Entry 208. At that hearing, the Delaware Court granted Bayard's motion and *sua sponte* transferred this matter and the Advancement Action to this Court. *See* Del. Doc. Entries 211, 212.

On November 21, 2008, this Court set a status conference for January 22, 2009. Doc. Entry 1. On January 22, 2009, this Court held a status conference at which it adopted a schedule and later entered a scheduling order, setting the close of written discovery in this proceeding for June 30, 2009, and a pre-trial conference for September 10, 2009.

## ARGUMENT

"28 U.S.C. § 1412 is used to analyze the request for a change of venue in a proceeding related to a bankruptcy case." *Senorx, Inc. v. Coudert Brothers, LLP*, No. C 07-1075 SC, 2007 WL 2470125, *1 (Aug. 27, 2007 N.D. Cal.) (citations omitted).[3] Under that statue, "[a] district court may transfer a case or proceeding under title 11 to a district court

///

---

[3] This matter is a "related to" proceeding under 28 U.S.C. § 1334(b). *See* Del. Doc. Entry 27 (denying Street's motion to dismiss and holding "related to" jurisdiction existed over this proceeding). In accordance with Local Rule 9013-2(c)(3)(D), copies of all unpublished opinions are attached to the Declaration of Jacob B. Sellers filed contemporaneously with Plaintiffs' Answering Memorandum.

PLAINTIFFS' ANSWERING MEMORANDUM OF POINTS AND AUTHORITES
TO DEFENDANT'S MOTION TO TRANSFER VENUE

4

5913352v1

for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412 (2007). Under the heading "interest of justice," courts consider:

> (1) economics of estate administration (2) the presumption in favor of the "home court" (3) judicial efficiency (4) the ability to receive a fair trial (5) the state's interest in having local controversies decided within its borders by those familiar with its laws (6) the enforceability of the judgment and (7) plaintiff's original choice of forum

*Senorx, Inc.*, 2007 WL 2470125, at *1. As to the "convenience of the parties, courts consider "1) location of the plaintiff and the defendant; 2) ease of access to necessary proof; 3) convenience of witnesses; 3) availability of subpoena power for the unwilling witnesses; and 4) expenses related to obtaining witnesses." *Reid-Ashman Mfg., Inc. v. Swanson Semiconductor Serv.*, No. C-06-04693 JCS, 2008 WL 425638, *2 (Feb. 14, 2008 N.D. Cal.) (citations omitted). The party "that seeks to transfer venue bears the burden of showing by a preponderance of the evidence that transfer would be appropriate." *Senorx, Inc.*, 2007 WL 2470125, at *1. Consideration of these factors demonstrates that Street has failed to meet his burden.

Street seeks a divisional transfer of venue from the Los Angeles Division to the Santa Ana Division—courthouses which are 56 miles apart. *See* Declaration of Jacob B. Sellers (the "Sellers Dec."), Ex. A. According to Street, such a transfer is necessary to prevent a range of speculative inconveniences, including the prospect that Street would "have to wake up no later than 5:45 am" to make it to a 9:00 am hearing, *if* such a hearing were to occur. Street Mem. at 8. Street's position is without merit.

Street asserts that "[a]ll witness" are located in the Santa Ana Division. Street Mem. 5. Not so. Of the thirty-four individuals identified by the parties to have information relevant to this matter, twelve reside within the Santa Ana Division. Sellers Aff., Exs. B, C. Of those twelve, Street has failed to explain what those witness will say or to show that they

PLAINTIFFS' ANSWERING MEMORANDUM OF POINTS AND AUTHORITES
TO DEFENDANT'S MOTION TO TRANSFER VENUE

5

5913352v1

will not come to the Los Angeles Division to testify. Conclusory statements of witness inconvenience are insufficient to support a transfer. *See In re Grumman Olson Indus.*, 329 B.R. 411, 436-37 (Bankr. S.D.N.Y. 2005) (when assessing the convenience of witness "[a]t a minimum, the defendant must submit a list of likely witnesses who would be inconvenienced by retaining the case in the chosen venue, together with a general statement of what each witness would say" and "offer proof that the witnesses will not appear willingly in the chosen forum") (cited by Street at 4).

Street's contention that "[a]ll experts, records and relevant information" are located in the Santa Ana division fares no better. First, with respect to experts, it is simply disingenuous for Street to assert that all experts are located in the Santa Ana Division when Plaintiffs have yet to select or retain any experts and Street has not identified any experts. Second, the vast majority of documents and information relevant to this proceeding are either in Street's possession or located at Plaintiffs' counsels' Minnesota offices. A very small percentage of documents and information relevant to this proceeding are located at a storage facility in the Santa Ana Division, specifically Irvine, California. Street and his counsel have reviewed documents in Minnesota and California and requested a combined total of 10 banker's boxes copied for production. Transporting those documents (assuming they are all utilized) to a distant venue may in fact be burdensome, but to suggest that transporting them to the Los Angeles Division (68 miles from Street) is more burdensome than to the Santa Ana Division (14 miles from Street) rings hollow. *See* Sellers Dec., Exs. D, E. Under the very authority he cites, Street has failed to carry his burden. *See In re Grumman Olson Indus.*, 329 B.R. at 437 n.12 (stating that as with contentions of witness inconvenience movant must do more than offer conclusory statements regarding the location of documents to support a transfer).

PLAINTIFFS' ANSWERING MEMORANDUM OF POINTS AND AUTHORITES
TO DEFENDANT'S MOTION TO TRANSFER VENUE

6

5913352v1

Street appears to contend that a transfer is appropriate based primarily on his distance from the Los Angeles Division. *See* Street Mem. 4, 5, 7 and 8.[4] When analyzing the appropriateness of a transfer, however, this Court looks to the location of both parties, not just Street's location. *See Reid-Ashman Mfg., Inc.*, 2008 WL 425638, at *2 (when analyzing the convenience of the parties court's consider, *inter alia*, "location of the plaintiff **and** the defendant") (emphasis added). Street's residence is 68 miles from the Los Angeles Division's courthouse. Sellers Dec., Ex. D. The Successor Trustee's residence is 46 miles from the Santa Anna Division's courthouse. *Id.* Ex. F. At best, the location of the parties neither favors nor disfavors a transfer. In any event, Street's concern for convenience is belied by the fact that he litigated this case in Delaware for two years without ever seeking a transfer of venue.

Convenience aside, Street's request, if granted, will further delay resolution of this matter. At the request of Street, the scheduling order in this matter has been extended five times and then this matter was stayed for an additional three months to allow Street to pursue his advancement claim. Under the scheduling order now in place, a pre-trial conference is scheduled for September 10, 2009, roughly two and one-half years after this matter was commenced. If venue is again transferred, by the time new judge is assigned, he or she gets up to speed and a status conference is held, this matter will likely not be tried until it is three years old. Further delay of this matter does not promote judicial efficiency; it only further depletes that Trust Estate to the determinant of its beneficiaries. Such delay alone is sufficient to deny Street's request for a transfer. *See Pratt v. Rowland*, 769 F.Supp. 128, 1333 (N.D. Cal. 1991) ("The Ninth Circuit has frequently held that a motion for transfer may properly be denied… where a transfer would lead to delay.") (Citations omitted).

---

[4] Although Street devotes much time decrying the "undue burden" and "oppression" his counsel would suffer if "forced" to litigate in a court 56 miles away, as a case upon which Street relies makes clear, counsel's burden is of little, if any, relevance. *See In re Stolicker Dairy Farms*, 67 B.R. 459, 462 ("the great weight of authority hold that the convenience of counsel 'is not be consider at all or that is to be given very little weight.'")(citing 15 C. Wright, A. Miller & E. Copper, *Federal Practice and Procedure*, § 3850 at 262 (1976)). Indeed, Mr. Greer has litigated in the Central Districts' Riverside Division. *See* 00-01511 DN.

PLAINTIFFS' ANSWERING MEMORANDUM OF POINTS AND AUTHORITES
TO DEFENDANT'S MOTION TO TRANSFER VENUE

7

## **CONCLUSION**

For the reasons discussed above, Plaintiffs respectfully request that this Court deny the Motion in all respects.

Dated: February 5, 2009

BLAKELEY & BLAKELEY LLP
/s/ Bradley D. Blakeley
Scott E. Blakeley (CA Bar No. 141418)
Bradley D. Blakeley (CA Bar No. 189756)
1000 Quail Street, Suite 200
Newport Beach, CA 92660
Telephone: (949) 260-0611
Facsimile: (949) 260-0613

*-and-*

Robert T. Kugler (MN #194116)
Robert L. DeMay (MN #22081)
Jacob B. Sellers (MN #348879)
LEONARD, STREET AND DEINARD
 *Professional Association*
150 South Fifth Street
Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500

ATTORNEYS FOR PLAINTIFFS DANIEL W. HARROW, AS SUCCESSOR TRUSTEE OF THE END OF THE ROAD TRUST, AND AMERICAN TRAILER INDUSTRIES, INC.