Robert T. Kugler (admitted *pro hac vice*)
Robert L. DeMay (MN #22081)
Jacob B. Sellers (admitted *pro hac vice*)
**LEONARD, STREET AND DEINARD**
  *Professional Association*
150 South Fifth Street
Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500

-and-

Scott E. Blakeley (CA Bar No. 141418)
E-Mail: seb@blakeleyllp.com
Bradley D. Blakeley (CA Bar No. 189756)
E-Mail: BBlakeley@blakeleyllp.com
**BLAKELEY & BLAKELEY LLP**
4685 MacArthur Court, Suite 421
Newport Beach, CA 92660
Telephone: (949) 260-0611
Facsimile: (949) 260-0613

**ATTORNEYS FOR DEFENDANTS**

## UNITED STATES BANKRUPTCY COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Fruehauf Trailer Corporation<br><br>Debtors | Case No. 96-1563 through 96-1572<br>(Jointly Administered) |
| Chriss W. Street,<br><br>Plaintiff,<br><br>vs.<br><br>The End of the Road Trust and American Trailer Industries, Inc.,<br><br>Defendants. | Adv. No. 08-01868 RN<br><br>**DECLARATION OF ROBERT T. KUGLER PURSUANT TO LBR 7016(e)(2)** |

**DECLARATION OF ROBERT T. KUGLER PURSUANT TO LBR 7016(e)(2)**

1

6411987v1

Robert T. Kugler declares and states as follows:

## **Background Facts**

1.      I am an attorney with the law firm of Leonard, Street and Deinard Professional Association and one of the attorneys representing Defendants in the above-captioned matter.  I make this declaration in accordance with Rule 7016-1(e) of the Local Bankruptcy Rules for the Central District of California (the "LBR").

2.      By way of background, on September 17, 2008, Judge Peter Walsh granted Defendants partial summary judgment determining that the Trust Employment Agreement and FrudeMex Employment Agreement upon which Plaintiff's claims of a mandatory right of advancement were based were void and unenforceable.  As a result of that order, the only issue remaining for trial is whether the Trustee appropriately exercised his discretion in denying Plaintiff's request for advancement of legal costs.

3.      At a subsequent status conference in front of Judge Walsh on September 25, 2008, Plaintiff indicated that he was weighing whether to proceed to trial on the sole remaining issue or to stipulate to a judgment and take the September 17, 2008 order up on appeal.  Plaintiff indicated that he would make that decision in a couple of weeks.

4.      As a result of those representations, on October 2, 2008, Mr. Street's counsel forwarded to Defendants' counsel a draft order for final judgment.  *See* Exhibit A attached hereto.

DECLARATION OF ROBERT T. KUGLER PURSUANT TO LBR 7016(e)(2)

2

6411987v1

5.    On October 3, 2008, Defendants' counsel wrote to Mr. Street's counsel advising them of the deficiencies in the proposed final order transmitted the previous day and suggested what an appropriate order should entail. *See* Exhibit B attached hereto.

6.    On October 9, 2008, Judge Walsh transferred this adversary proceeding to this Court.

7.    This Court held the first of several status conferences in this matter on February 19, 2009.

8.    At the February 19th status conference, Plaintiff sought additional time to make the decision on whether to proceed to trial or to appeal the Court's decision and represented to the Court that he only needed a couple of days to decide how Plaintiff intended to proceed and that he would advise the Court and Defendants of that decision shortly.

9.    In response to that request, the Court continued the status conference to March 19, 2009 to give Plaintiff additional time to make his decision.

10.    Based on Mr. Greer's representation, Defendants' counsel wrote to Mr. Greer on February 25, 2009, requesting that he advise Defendants' counsel as to how Plaintiff intended to proceed in this matter. *See* Exhibit C attached hereto.

11.    On March 3, 2009, having received no response from Mr. Greer, Defendants' counsel once again wrote to Mr. Greer requesting that he advise Defendants how Plaintiff intended to proceed in this action. *See* Exhibit D attached hereto.

**DECLARATION OF ROBERT T. KUGLER PURSUANT TO LBR 7016(e)(2)**

3

12.    Having received no response from Mr. Greer to Defendants' counsels' February 25 or March 3, 2009 correspondence, on March 9, 2009, Defendants' counsel again wrote to Mr. Greer requesting that he provide Defendants with a response. *See* Exhibit E attached hereto.

13.    On March 9, 2009, Mr. Greer wrote to Defendants' counsel advising that Plaintiff had decided to "forego a trial on the sole issue of Mr. Harrow's abuse of discretion and will, instead, take the underlying matter of the advancement up on appeal." Mr. Greer requested that Defendants "[p]lease prepare whatever documents you believe are necessary to facilitate a final judgment at the trial court level." *See* Exhibit F attached hereto.

14.    On March 16, 2009, Mr. Greer again wrote to Defendants' counsel, apparently in response to their correspondence of March 9, 2009, stating that he thought a response to Defendants' previous requests for Plaintiff's decision on how he intended to proceed had been sent out.  Mr. Greer again stated that Plaintiff had decided not to proceed to trial in this matter and would take his chances on appeal. *See* Exhibit G attached hereto.

15.    Defendants' counsel forwarded a proposed Stipulation for Dismissal with Prejudice and Vacation of the Order for Status Conference and a proposed Order for Judgment to Mr. Greer on March 16, 2009.  In forwarding those documents, Defendants' counsel advised Mr. Greer that the documents were in accordance with Defendants' prior

**DECLARATION OF ROBERT T. KUGLER PURSUANT TO LBR 7016(e)(2)**

6411987v1

correspondence with Mr. Greer and Plaintiff's former counsel, Bayard P.A., on the issues of a stipulation for dismissal and order for judgment. Defendants' counsel further requested that Mr. Greer provide Defendants with his comments on the proposed Stipulation and Order as soon as possible so that, if possible, the March 19, 2009 status conference could be avoided. *See* Exhibit H attached hereto.

16.    On March 17, 2009, having received no response from Mr. Greer regarding the proposed Stipulation for Dismissal with Prejudice and Vacation of the Order for Status Conference and a proposed Order for Judgment, Defendants' counsel called Mr. Greer to inquire whether he had any comments to the proposed documents. Defendants' counsel was informed by Mr. Greer's receptionist that Mr. Greer was unavailable. Defendants' counsel left a voice mail message for Mr. Greer requesting that he contact Defendants' counsel as soon as possible to discuss the proposed Stipulation and Order to ensure that those documents could be submitted to the Court prior to the March 19, 2009 status conference. Defendants' counsel followed up their voice mail message to Mr. Greer with an e-mail reiterating the points raised in their voice mail message. *See* Exhibit I attached hereto.

17.    Mr. Greer never responded to Defendants' counsel voice mail or e-mail communications.

DECLARATION OF ROBERT T. KUGLER PURSUANT TO LBR 7016(e)(2)

6411987v1

18.     At the March 19, 2009 status conference, the Court adopted a scheduling order in this matter which set a pre-trial hearing date for September 9, 2009.[1]

## **Facts Relating to LBR 7016**

19.     At no time during the months leading up to the September pre-trial conference did Plaintiff ever provide Defendants with a proposed joint pre-trial order as required by LBR 7016.

20.     As a result, on September 2, 2009, Defendants filed a declaration pursuant to LBR 7016(e)(2) attesting to Mr. Greer's failure to prior Defendants with a joint pre-trial order.

21.     At the September 16, 2009 pre-trial conference, Plaintiff indicated that he had still not made his decision but stated that "a week would be all that I would need."

22.     In response, the Court directed Plaintiff to file a concise status report by October 14, 2009 setting forth the remaining issues to be tried in this matter and Plaintiff's decision as to whether Plaintiff would pursue trial or an appeal.

23.     The Court also continued the pre-trial conference to November 4, 2009.

24.     LBR 7016-1(c) requires the plaintiff to prepare and serve the proposed joint pre-trial order required LBR 7016-1(b) upon the defendant not later than 4:00 p.m. on the fifth day prior to the last day for filing the proposed pre-trial order.

---

[1] The September 9, 2009 date was later continued to September 16, 2009 by the Court.

**DECLARATION OF ROBERT T. KUGLER PURSUANT TO LBR 7016(e)(2)**

6

6411987v1

25.    LBR 7016-1(b) requires the proposed joint pre-trial order be filed not less than 14 days before the date set for the trial or pre-trial conference.

26.    At the September 16, 2009 pre-trial conference, the Court continued the status conference to November 4, 2009. Accordingly, the corresponding deadline to file the proposed joint pre-trial order with the Court was on or before October 21, 2009.

27.    Based on the foregoing, Plaintiff was to prepare and serve Defendants with the proposed joint pre-trial order in this matter no later than 4:00 p.m. on October 16, 2009.

28.    To date, Defendants have not received a proposed pre-trial order from Plaintiff.

### Facts Relating to the Court-Ordered Status Report

29.    As set forth above, at the September 16, 2009 status conference, the Court directed Plaintiff to file a concise status report by October 14, 2009, setting forth the remaining issues to be tried in this matter and Plaintiff's decision as to whether he intended to stipulate to the entry of a final judgment in this matter and pursue an appeal.

30.    On September 17, 2009, Defendants' counsel wrote to Phillip Greer, Plaintiff's counsel, and requested that he provide them with a copy of the status report that Plaintiff was required to submit to the Court on October 14th prior to its filing. *See* Exhibit J attached hereto.

**DECLARATION OF ROBERT T. KUGLER PURSUANT TO LBR 7016(e)(2)**

6411987v1

31.   On September 22, 2009, Mr. Greer responded, stating that he was awaiting a final decision from Plaintiff as to how to proceed and that an answer would be provided by the end of the week. *See* Exhibit K attached hereto. Defendants never heard from Mr. Greer.

32.   During the deposition of Defendants' expert in a related adversary proceeding on September 30, 2009, Defendants' counsel once again inquired of Plaintiff's counsel whether he and Plaintiff had reached a decision as to how to proceed in the advancement action and again requested a copy of the status report he intended to file in accordance with the Court's direction. Mr. Greer advised Defendants' counsel that he was still working on his intended submission, but would have it done shortly.

33.   On October 1, 2009, Defendants' counsel wrote to Mr. Greer and reminded him of Defendants' request that he provide Defendants with a copy of his proposed submission prior to its filing. *See* Exhibit L attached hereto.

34.   On October 5, 2009, Mr. Greer wrote to Defendants' counsel advising them that Plaintiff had decided to stipulate to a judgment and take an appeal. *See* Exhibit M attached hereto.

35.   On October 6, 2009, Defendants' counsel wrote to Mr. Greer advising him that they had previously provided him with a draft stipulation for dismissal and a draft order approving the stipulation and requested Mr. Greer execute and return those drafts if

**DECLARATION OF ROBERT T. KUGLER PURSUANT TO LBR 7016(e)(2)**

6411987v1

acceptable.  *See* Exhibit N attached hereto.  Defendants further advised Mr. Greer that they would ensure that the documents were filed.  *Id.*

36.    Mr. Greer responded shortly thereafter stating that he had misplaced the draft stipulation and order and requested that Defendants resend him those documents, which would be executed and sent back.  *See* Exhibit O attached hereto.

37.    On October 7, 2009, Defendants' counsel resent the draft stipulation for dismissal and order approving the stipulation to Mr. Greer, which documents were originally sent to Mr. Greer on March 16, 2009.  *See* Exhibit P attached hereto.

38.    On October 9, 2009, having been informed by Mr. Greer that he was leaving for two-week vacation on October 10th, Defendants' counsel once again wrote to Mr. Greer requesting that he provide Defendants with an executed copy of the stipulation prior to this vacation so as to ensure that there was sufficient time to resolve this matter prior to the November 4th pre-trial conference.  *See* Exhibit Q attached hereto.

39.    Mr. Greer responded shortly thereafter stating that he would be sending the stipulation back that morning but that it was his recollection that the dismissal was to be without prejudice.  *See* Exhibit R attached hereto.  Mr. Greer later wrote to Defendants stating that he had faxed an executed copy of the stipulation to Defendants' local counsel. *See* Exhibit S attached hereto.

40.    On October 12, 2009, Defendants received a copy of the executed stipulation Mr. Greer faxed to Defendants' local counsel.  *See* Exhibit T attached hereto.

**DECLARATION OF ROBERT T. KUGLER PURSUANT TO LBR 7016(e)(2)**

6411987v1

41.    Prior to executing the stipulation for dismissal, Mr. Greer unilaterally changed the language of the stipulation from "with prejudice" to "without prejudice." *Id.*

42.    On October 14, 2009, Defendants' counsel wrote to Mr. Greer advising him that the stipulation as originally sent to him on March 16, 2009 provided for dismissal with prejudice, that it had always been understood by the parties that any dismissal would be with prejudice and that under no circumstances would the Successor Trustee agree to a dismissal without prejudice. *See* Exhibit U attached hereto.

43.    Defendants' counsel further advised Mr. Greer that they understood he was on vacation, but in the event Plaintiff was unwilling to stipulate to a dismissal with prejudice that Mr. Greer should immediately provide Defendants with a copy of Plaintiff's joint pre-trial order in accordance with the Local Rules. *Id.*

44.    On October 22, 2009, Mr. Greer wrote to Defendants' counsel stating that he would provide a response (presumably to Defendants' counsel's October 14 letter) by tomorrow. *See* Exhibit V attached hereto.

45.    To date, Defendants have yet to hear from Mr. Greer and the Court-ordered status report has not been filed.


Dated:  November 2, 2009                          _Robert T. Kugler_
                                                  Robert T. Kugler


**DECLARATION OF ROBERT T. KUGLER PURSUANT TO LBR 7016(e)(2)**

6411987v1

# EXHIBIT A

## Sellers, Jacob

| | |
|---|---|
| **From:** | Ashley Stitzer [AStitzer@bayardlaw.com] |
| **Sent:** | Thursday, October 02, 2008 1:59 PM |
| **To:** | Kugler, Robert |
| **Cc:** | Neil Glassman; Charlene Davis; Scott Wilcox; David L. Finger; Doerr, Sarah; DeMay, Robert; Sellers, Jacob B. |
| **Subject:** | Street v. EORT/ATII |
| **Attachments:** | Final order on advancement 100208 (01161072).DOC |

Rob:

Pursuant to the Court's instruction at the hearing on September 25, attached please find a final order. At your earliest convenience, please provide your comments.

Ashley B. Stitzer
BAYARD
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
(302) 429-4242 (Direct)
(302) 658-6395 (Facsimile)
astitzer@bayardlaw.com

-----------------------------------

IRS Circular 230 DISCLOSURE:

Notice regarding federal tax matters: Internal Revenue Service Circular 230 requires us to state herein that any federal tax advice set forth in this communication (1) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed by federal tax laws, and (2) cannot be used in promoting, marketing, or recommending to another person any transaction or matter addressed herein.

-----------------------------------------------

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT B

LEONARD
STREET
AND
DEINARD

150 SOUTH FIFTH STREET SUITE 2300
MINNEAPOLIS, MINNESOTA 55402
612-335-1500 MAIN
612-335-1657 FAX

Robert T. Kugler
612-335-1645 direct
robert.kugler@leonard.com

October 3, 2008

*VIA E-MAIL AND U.S. MAIL*

Ashley B. Stitzer, Esq.
Bayard P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

> **Re:**    ***Chriss W. Street v. The End of the Road Trust and American Trailer Industries,
> Inc.; Adv. Pro. No. 08-50605-PJW***

Dear Ashley:

I write in response to your email dated October 2, 2008, and attached form of Order. On behalf of Mr. Street, you have expressed the intent to do what is necessary to cause the Court to enter a final and appealable order in Mr. Street's Advancement Action. We do not believe it appropriate for the Trust to propose specific language for the type of Order Mr. Street is requesting. Nevertheless, as requested, we will provide comments on your proposed form of order. Those comments are:

1.    You style the Order "Final Order." Do you mean this to be an "Order for Judgment"? If so, it should presumably be titled as such.

2.    Your proposed language can be read to suggest that the Court has found Mr. Street to have actually had legally binding employment agreements with Respondents. The Court has not so found. In any event, what the Court actually, and specifically, concluded was that the mandatory advancement provisions of the TEA and FEA are unenforceable.

3.    The Court has also not "determined . . . that Mr. Street is no longer willing to proceed with a trial on the merits." If Mr. Street desires to stipulate to the dismissal with prejudice of any and all claims that are not dependent upon enforcement of the mandatory advancement provision in either the TEA or the FEA, he should proffer an appropriate stipulation to that effect. This is particularly true in light of Mr. Street's opposition to your motion to withdraw as counsel, which, at a minimum, raises an ambiguity as to whether Mr. Street actually intends to forego his right to pursue a current trial on remaining claim(s) in the Advancement Action.

October 3, 2008
Page 2

4. Any judgment to be entered should make it clear that the Court is granting Respondents' summary judgment motion. It should also expressly dismiss Mr. Street's Advancement Action with prejudice and award Respondents their costs and disbursements therein (with such costs and disbursements to be determined and taxed in accordance with the Rules of Bankruptcy Procedure).

Very truly yours,

LEONARD, STREET AND DEINARD

Robert T. Kugler

RTK/mab

cc: Neil B. Glassman, Esq. (via e-mail only)
  Charlene D. Davis, Esq. (via e-mail only)
  Scott G. Wilcox, Esq. (via e-mail only)
  Phillip Greer, Esq. (via e-mail only)

# EXHIBIT C

## Sellers, Jacob

| | |
|---|---|
| **From:** | Sellers, Jacob |
| **Sent:** | Wednesday, February 25, 2009 3:42 PM |
| **To:** | Surflaw@aol.com |
| **Cc:** | Kugler, Robert; DeMay, Robert |
| **Subject:** | Street v. EORT/ATII, Adv. Pro. No. 08-01868 |

Phil,

Please advise us by the end of this week (2/27) how you intend to proceed in the advancement action.  Thanks.


*Jacob B. Sellers*
Attorney
LEONARD, STREET AND DEINARD
   Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1758
Facsimile: (612) 335-1657
mailto: jacob.sellers@leonard.com


3/18/2009

# EXHIBIT D

LEONARD
STREET
AND
DEINARD

150 SOUTH FIFTH STREET SUITE 2300
MINNEAPOLIS, MINNESOTA 55402
612-335-1500 MAIN
612-335-1657 FAX

ROBERT T. KUGLER
612-335-1645 DIRECT
ROBERT.KUGLER@LEONARD.COM

March 3, 2009

*VIA E-MAIL AND U.S. MAIL*

Phillip B. Greer, Esq.
1280 Bison Road, B9-531
Newport Beach, California 92660

*Re:*    *Chriss W. Street v. The End of the Road Trust and American Trailer Industries, Inc.*;
         *Adv. Proceeding No. 08-1868 RN.*

Dear Phil:

        At the hearing on Plaintiff's motion to transfer venue you represented to the Court that you needed a couple of days to decide, and inform the Court and us, how Plaintiff intended to proceed in the above-captioned matter.  Despite having requested your decision last week, we have yet to hear from you.

        As you are aware, the Court continued the status conference hearing in the above-captioned matter until March 19, 2009, based on your request for a couple of days to decide how to proceed.  We again request that you provide us with your decision in that regard.

Please be advise that if forced to attend the status conference hearing on March 19, 2009, because of your refusal to provide us with you decision, we will request that Court order Plaintiff to reimburse the Trust for all expenses incurred by it in connection with that hearing.

Very Truly Yours,

LEONARD, STREET AND DEINARD

*Robert T. Kugler*
Robert T. Kugler

# EXHIBIT E

## Sellers, Jacob

| | |
|---|---|
| **From:** | Sellers, Jacob |
| **Sent:** | Monday, March 09, 2009 2:13 PM |
| **To:** | Surflaw@aol.com |
| **Cc:** | Kugler, Robert |
| **Subject:** | FW: Chriss W. Street v. The End of the Road Trust and American Trailer Industries, Inc. |
| **Attachments:** | Letter dated March 3, 2009 to Phillip B. Greer.pdf |

Phil,

Could you please extend us the courtesy of a response to the attached letter.  Thank you.

Jacob

---

**From:** Sanford, Callie
**Sent:** Tuesday, March 03, 2009 2:14 PM
**To:** 'surflaw@aol.com'
**Cc:** Kugler, Robert; DeMay, Robert; Sellers, Jacob
**Subject:** Chriss W. Street v. The End of the Road Trust and American Trailer Industries, Inc.

On behalf of Robert T. Kugler, attached please find a letter dated March 3, 2009 in the above-referenced matter.  If you have any questions, comments or difficulties opening this PDF, please contact me.

---

WWW.LEONARD.COM

LEONARD
STREET
AND
DEINARD

Uncommon Wisdom
Common Sense®

**Callie Sanford**
Legal Secretary
**612-335-1617**
callie.sanford@leonard.com

**Leonard, Street and Deinard**
*A Professional Association*
150 South Fifth Street Suite 2300
Minneapolis, Minnesota 55402

---

 Please consider the environment before printing this email.

3/18/2009

# EXHIBIT F

# PHILLIP BARRY GREER
## ATTORNEY AT LAW

Suite B9-531
1280 Bison Road
Newport Beach, California

(949) 640-8911 (phone)
(949) 759-7687 (fax)
surflaw@aol.com

March 9, 2009

Robert Kugler, Esq
Leonard Street
150 S. Fifth Street   suite 2300
Minneapolis, Minnesota
55402

Re: Street v End of the Road Trust

Dear Mr. Kugler:

I apologize for the delay in responding to you. A short trial and a difficult decision have contributed to my slow response.

My client has decided to forgo a trial on the sole issue of Mr. Harrow's abuse of discretion and will, instead, take the underlying matter of the advancement up on appeal. Please prepare whatever documents you believe are necessary to facilitate a final judgment at the trial court level.

Thank you for your continued courtesy and cooperation in this matter.

Sincerely,

Phillip B Greer

# EXHIBIT G

## Sellers, Jacob

**From:**    Surflaw@aol.com
**Sent:**    Monday, March 16, 2009 11:40 AM
**To:**    Sellers, Jacob
**Cc:**    Kugler, Robert
**Subject:** Re: FW: Chriss W. Street v. The End of the Road Trust and American Trailer In...


i believe that a response went out,,,i have been at home on the verge of death for the last several days (i am
sure that rob cares) but essentially i indicated that we would not proceed with the trial on the sole remaining
advancement issue, choosing instead to take our chances on appeal and suggested that you should prepare
whatever form of document you believe is necessary and appropriate and send it over, i will review it for form
and content and get it back to you

phil

---

Feeling the pinch at the grocery store? <u>Make dinner for $10 or less.</u>

# EXHIBIT H

## Sellers, Jacob

| | |
|---|---|
| **From:** | Sellers, Jacob |
| **Sent:** | Monday, March 16, 2009 5:49 PM |
| **To:** | Surflaw@aol.com |
| **Cc:** | Kugler, Robert; DeMay, Robert |
| **Subject:** | RE: FW: Chriss W. Street v. The End of the Road Trust and American Trailer In... |
| **Attachments:** | STREET_EORT-Order for Judgment.DOC; STREET_EORT-Stipulation for Dismissal and Vacation of Status Conference.DOC; Letter dated October 3, 2008 to Ashley Stitzer.pdf |

Phil,

Attached is a draft (1) Stipulation for Dismissal with Prejudice and Vacation of the Order for Status Conference and (2) Order for Judgment. Both documents reflect the Trust and ATII's prior correspondence to you and Bayard on this issue. A copy of that correspondence is also attached. Given that the status conference is scheduled for this Thursday, 3/19/09, please let us know your comments on the proposed Stipulation and Order as soon as possible.

Jacob

---

**From:** Surflaw@aol.com [mailto:Surflaw@aol.com]
**Sent:** Monday, March 16, 2009 11:40 AM
**To:** Sellers, Jacob
**Cc:** Kugler, Robert
**Subject:** Re: FW: Chriss W. Street v. The End of the Road Trust and American Trailer In...

i believe that a response went out,,,i have been at home on the verge of death for the last several days (i am sure that rob cares) but essentially i indicated that we would not proceed with the trial on the sole remaining advancement issue, choosing instead to take our chances on appeal and suggested that you should prepare whatever form of document you believe is necessary and appropriate and send it over, i will review it for form and content and get it back to you

phil

---

Feeling the pinch at the grocery store? Make dinner for $10 or less.

3/18/2009

Phillip Greer (CA Bar No. ▨▨▨▨)
**LAW OFFICES OF PHILLIP GREER,**
**ESQUIRE**
1300 Bristol Street North, Suite 100
Newport Beach, California 92660
Telephone: (949) 640-8911
Facsimile: (949) 759-7687

**ATTORNEYS FOR PLAINTIFF**

Robert T. Kugler (MN #194116)
Robert L. DeMay (MN #22081)
Jacob B. Sellers (MN #348879)
**LEONARD, STREET AND DEINARD**
  *Professional Association*
150 South Fifth Street
Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500

-and-

Scott E. Blakeley (CA Bar No. 141418)
E-Mail: SEB@BandBLaw.com
Bradley D. Blakeley (CA Bar No. 189756)
E-Mail: BBlakeley@BandBLaw.com
**BLAKELEY & BLAKELEY LLP**
1000 Quail Street, Suite 200
Newport Beach, CA 92660
Telephone: (949) 260-0611
Facsimile: (949) 260-0613

**ATTORNEYS FOR DEFENDANTS**

UNITED STATES BANKRUPTCY COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Fruehauf Trailer Corporation<br><br>                                    Debtors | Case No. 96-1563 through 96-1572<br>(Jointly Administered)<br><br>Chapter 11 |
| Chriss W. Street<br><br>                                    Plaintiff,<br><br>            vs.<br><br>The End of the Road Trust and American<br>Trailer Industries, Inc.<br>                                    Defendants. | Adv. No. 08-1868 RN<br><br>**STIPULATION FOR DISMISSAL**<br>**WITH PREJUDICE AND VACATION**<br>**OF ORDER FOR STATUS**<br>**CONFERENCE** |

STIPULATION FOR DISMISSAL WITH PREJUDICE
AND VACATION OF ORDER FOR STATUS CONFERENCE

6005393v1

1

## **RECITALS**

2

    A.    **WHEREAS**, on January 9, 2007, Plaintiff Chriss W. Street ("Street") commenced

3

the above-captioned adversary proceeding against Defendants The End of the Road Trust (the

4

"Trust") and American Trailer Industries, Inc. ("ATII" and, collectively with the Trust,

5

6

"Defendants") in the Delaware Chancery Court by filing a Petition for Advancement and

7

Indemnification (the "Advancement Action").

8

    B.    **WHEREAS**, on February 2, 2007, Defendants removed the Advancement Action to

9

the United States District Court for the District of Delaware (the "Delaware District Court").

10

    C.    **WHEREAS**, on February 14, 2007, Street filed a motion to remand the Advancement

11

12

Action.

13

    D.    **WHEREAS**, on May 9, 2007, Defendants filed their Answer to the Petition.

14

    E.    **WHEREAS**, on April 29, 2008, the Delaware District Court denied Street's motion

15

to remand and referred the Advancement Action to the United States Bankruptcy Court for the

16

District of Delaware (the "Delaware Bankruptcy Court").

17

    F.    **WHEREAS**, on July 1, 2008, Street filed an Amended and Supplemental Petition for

18

19

Advancement and Indemnification (the "Amended Petition").

20

    G.    **WHEREAS**, on July 11, 2008, Defendants filed their Answer to the Amended

21

Petition.

22

    H.    **WHEREAS**, on July 30, 2008, Defendants filed their motion for summary judgment

23

in the Advancement Action.

24

    I.    **WHEREAS**, on July 31, 2008, Street filed his motion for summary judgment in the

25

Advancement Action.

26

27

STIPULATION FOR DISMISSAL WITH PREJUDICE
AND VACATION OF ORDER FOR STATUS CONFERENCE

28

2

J.    **WHEREAS**, on September 17, 2008, the Delaware Bankruptcy Court denied Street's motion for summary judgment and, in light of that denial, found Defendants' motion for summary judgment moot.

K.    **WHEREAS**, in denying Street's motion the Delaware Bankruptcy Court found the employment agreements upon which Street's advancement claims relied invalid and unenforceable.

L.    **WHEREAS**, the Delaware Court stated the Street could go forward on his claim for advancement if he so desired, but would have to establish that Daniel W. Harrow, in his capacity as successor trustee of the Trust (the "Successor Trustee"), abused his discretion under the Liquidating Trust Agreement when he declined to advance litigation cost to Street.

M.    **WHEREAS**, on October 9, 2008, the Delaware Bankruptcy Court transfer venue of the Advancement Action to this Court.

N.    **WHEREAS**, Street does not desire to proceed to a trial on the merits on the issue of whether the Successor Trustee abused his discretion under the Liquidating Trust Agreement when he declined to advance litigation cost to Street.

O.    **WHEREAS**, Street desires that the Court enter judgment in favor of the Defendants, preserving only Street's right to appeal the Delaware Court's denial of Street's motion for Summary Judgment.

P.    **WHEREAS**, in light of this Stipulation, the Status Conference currently scheduled before this Court on March 19, 2009, is unnecessary.

Q.    **WHEREAS**, Street and the Defendants hereby stipulate to a vacation of this Court's February 19, 2009, Order continuing the status conference hearing in this matter to March 19, 2009.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED TO** by and between Street and the Defendants as follows:

STIPULATION FOR DISMISSAL WITH PREJUDICE
AND VACATION OF ORDER FOR STATUS CONFERENCE

3

6005393v1

1. Defendants' motion for summary judgment in the above-caption action dated July 30, 2008, shall be granted.

2. Except that Street's right to appeal from the denial of his July 30, 2008 motion for summary judgment is preserved during the time permitted for taking an appeal from entry of judgment on this stipulation, all claims and causes of action Street has or might have against the Trust or ATII for advancement in the above-referenced action are hereby dismissed with prejudice by stipulation pursuant to Fed. R. Civ. P. 41.

3. Defendants shall be awarded their costs and disbursements incurred in connection with the above-captioned action pursuant to Fed. R. Civ. P. 54(d).

4. In light of the parties Stipulation, this Court's February 19, 2009, Order continuing the status conference hearing in this matter to March 19, 2009 is unnecessary and should be vacated.

Dated: _____, **2009**

_____
Scott E. Blakeley (CA Bar No. 141418)
Bradley D. Blakeley (CA Bar No. 189756)

**BLAKELEY & BLAKELEY LLP**
1000 Quail Street, Suite 200
Newport Beach, CA 92660
Telephone: (949) 260-0611
Facsimile: (949) 260-0613

*-and-*

Robert T. Kugler (MN #194116)
Robert L. DeMay (MN #22081)
Jacob B. Sellers (MN #348879)

STIPULATION FOR DISMISSAL WITH PREJUDICE
AND VACATION OF ORDER FOR STATUS CONFERENCE

4

6005393v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LEONARD, STREET AND DEINARD**
  *Professional Association*
150 South Fifth Street
Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500

Phillip Greer (CA Bar No. ☒    )

**LAW OFFICES OF PHILLIP GREER, ESQUIRE**
1300 Bristol Street North, Suite 100
Newport Beach, California 92660
Telephone:  (949) 640-8911
Facsimile:  (949) 759-7687

STIPULATION FOR DISMISSAL WITH PREJUDICE
AND VACATION OF ORDER FOR STATUS CONFERENCE

5

6005393v1

| | |
|---|---|
| Phillip Greer (CA Bar No. ▓▓▓▓ )<br>**LAW OFFICES OF PHILLIP GREER,**<br>**ESQUIRE**<br>1300 Bristol Street North, Suite 100<br>Newport Beach, California 92660<br>Telephone: (949) 640-8911<br>Facsimile: (949) 759-7687<br><br>**ATTORNEYS FOR PLAINTIFF** | Robert T. Kugler (MN #194116)<br>Robert L. DeMay (MN #22081)<br>Jacob B. Sellers (MN #348879)<br>**LEONARD, STREET AND DEINARD**<br>  *Professional Association*<br>150 South Fifth Street<br>Suite 2300<br>Minneapolis, MN 55402<br>Telephone: (612) 335-1500<br><br>*-and-*<br><br>Scott E. Blakeley (CA Bar No. 141418)<br>E-Mail: SEB@BandBLaw.com<br>Bradley D. Blakeley (CA Bar No. 189756)<br>E-Mail: BBlakeley@BandBLaw.com<br>**BLAKELEY & BLAKELEY LLP**<br>1000 Quail Street, Suite 200<br>Newport Beach, CA 92660<br>Telephone: (949) 260-0611<br>Facsimile: (949) 260-0613<br><br>**ATTORNEYS FOR DEFENDANTS** |

# UNITED STATES BANKRUPTCY COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Fruehauf Trailer Corporation<br><br>                          Debtors | Case No. 96-1563 through 96-1572<br>(Jointly Administered)<br><br>Chapter 11 |
| Chriss W. Street<br><br>                         Plaintiff,<br><br>           vs.<br><br>The End of the Road Trust and American<br>Trailer Industries, Inc.<br>                         Defendants. | Adv. No. 08-1868 RN<br><br>**ORDER FOR JUDGMENT** |

ORDER FOR JUDGMENT

6005471v1

Upon consideration of the Stipulation between Plaintiff Chriss W. Street ("Street") and Defendants The End of the Road Trust and American Trailer Industries, Inc. (collectively, the "Defendants"), Doc. Entry # __; the Court having reviewed all of the files, records and proceedings and having found good cause herein,

**IT IS HEREBY ORDERED THAT**

1.  All claims and causes of action Street has or might have against the Trust or ATII for advancement in the above-referenced action are hereby **DISMISSED WITH PREJUDICE;**

2.  Defendants' motion for summary judgment in the above-caption action dated July 30, 2008, is **GRANTED;**

3.  Defendants are hereby **AWARDED** their costs and disbursements incurred in connection with this action; and

4.  The Court's February 19, 2009, Order continuing the status conference hearing in this matter to March 19, 2009 is hereby **VACATED.**

Dated: _____

_____
Honorable Richard M. Neiter
United States Bankruptcy Judge

ORDER FOR JUDGMENT

2

6005471v1

LEONARD
STREET
AND
DEINARD

150 SOUTH FIFTH STREET SUITE 2300
MINNEAPOLIS, MINNESOTA 55402
612-335-1500 MAIN
612-335-1657 FAX


Robert T. Kugler
612-335-1645 direct
robert.kugler@leonard.com

October 3, 2008

*VIA E-MAIL AND U.S. MAIL*

Ashley B. Stitzer, Esq.
Bayard P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

> **Re:**   ***Chriss W. Street v. The End of the Road Trust and American Trailer Industries,***
> ***Inc.; Adv. Pro. No. 08-50605-PJW***

Dear Ashley:

I write in response to your email dated October 2, 2008, and attached form of Order. On behalf of Mr. Street, you have expressed the intent to do what is necessary to cause the Court to enter a final and appealable order in Mr. Street's Advancement Action. We do not believe it appropriate for the Trust to propose specific language for the type of Order Mr. Street is requesting. Nevertheless, as requested, we will provide comments on your proposed form of order. Those comments are:

1.   You style the Order "Final Order." Do you mean this to be an "Order for Judgment"? If so, it should presumably be titled as such.

2.   Your proposed language can be read to suggest that the Court has found Mr. Street to have actually had legally binding employment agreements with Respondents. The Court has not so found. In any event, what the Court actually, and specifically, concluded was that the mandatory advancement provisions of the TEA and FEA are unenforceable.

3.   The Court has also not "determined . . . that Mr. Street is no longer willing to proceed with a trial on the merits." If Mr. Street desires to stipulate to the dismissal with prejudice of any and all claims that are not dependent upon enforcement of the mandatory advancement provision in either the TEA or the FEA, he should proffer an appropriate stipulation to that effect. This is particularly true in light of Mr. Street's opposition to your motion to withdraw as counsel, which, at a minimum, raises an ambiguity as to whether Mr. Street actually intends to forego his right to pursue a current trial on remaining claim(s) in the Advancement Action.

October 3, 2008
Page 2

4.    Any judgment to be entered should make it clear that the Court is granting Respondents' summary judgment motion. It should also expressly dismiss Mr. Street's Advancement Action with prejudice and award Respondents their costs and disbursements therein (with such costs and disbursements to be determined and taxed in accordance with the Rules of Bankruptcy Procedure).

Very truly yours,

LEONARD, STREET AND DEINARD

*Robert T. Kugler*

Robert T. Kugler

RTK/mab

cc:    Neil B. Glassman, Esq. (via e-mail only)
       Charlene D. Davis, Esq. (via e-mail only)
       Scott G. Wilcox, Esq. (via e-mail only)
       Phillip Greer, Esq. (via e-mail only)

5603466v1

# EXHIBIT I

**Sellers, Jacob**

| | |
|---|---|
| **From:** | Sellers, Jacob |
| **Sent:** | Tuesday, March 17, 2009 4:36 PM |
| **To:** | Surflaw@aol.com |
| **Cc:** | Kugler, Robert |
| **Subject:** | Stipulation and Final Order |

Phil,

I just left you a voice mail regarding whether or not you had any comments on the proposed Stipulation and Order I forwarded to you yesterday.  Please let me know as soon as possible whether the proposed Stipulation and Order is acceptable so as to ensure we can avoid the status conference on Thursday, if possible.  Thanks.

Jacob

*Jacob B. Sellers*
Attorney
LEONARD, STREET AND DEINARD
  Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1758
Facsimile: (612) 335-1657
mailto: jacob.sellers@leonard.com

3/18/2009

# EXHIBIT J

**Sellers, Jacob**

---

| | |
|---|---|
| **From:** | Sellers, Jacob |
| **Sent:** | Thursday, September 17, 2009 10:31 AM |
| **To:** | 'Surflaw@aol.com' |
| **Cc:** | Kugler, Robert; DeMay, Robert |
| **Subject:** | Street v. EORT/ATII |

Phil,

As a follow-up to yesterday's pre-trial conference, please be sure to provide us with a copy of the order you are required to the submit to the Court in the advancement action prior to your filing of that order.  Thanks.

Jacob


*Jacob B. Sellers*

Attorney
LEONARD, STREET AND DEINARD
  Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1758
Facsimile: (612) 335-1657
mailto: jacob.sellers@leonard.com

# EXHIBIT K

# PHILLIP BARRY GREER
### ATTORNEY AT LAW

Suite B9-531
1280 Bison Road
Newport Beach, California

(949) 640-8911 (phone)
(949) 759-7687 (fax)
surflaw@aol.com

September 22, 2009

Robert Kugler
Leonard Street
150 S. Fifth Street   suite 2300
Minneapolis, Minnesota
55402

Re:  Fruehauf

Dear Mr. Kugler:

I have been able to finally coordinate all the disparate parts and confirm some deposition dates. I would like to take your expert's deposition on Wednesday September 30 and make my expert available Thursday October 1. Both would be at your offices in Minneapolis.

As to the issue of the advancement action, I am still waiting for a final response from Mr. Street. I understand that the clock is ticking and intend to have a definitive answer to you by the end of the week.

Finally, there is the issue of the trial. Enclosed, please find a copy of an article that appeared on the blogs within hours after the hearing in this matter. The story was then carried in the main stream media the next day. This type of publicity is what I was concerned about and the actions of the media have, unfortunately, proven me right.

R. Kugler
Re: Fruehauf
September 22, 2009
Page Two

Trial is currently scheduled for three weeks prior to the close of filing for anyone who wants to run against Mr. Street. And while I will take you at your word that you have no interest in Mr. Street's political endeavors, I do not believe that the same is true of your client. I believe that Mr. Harrow will do whatever he can to contribute to the downfall of Mr. Street, financially, personally and politically.

The harsh reality is that whatever the Court's final ruling, from vindication to imposition of millions of dollars of liability, it will be the comments of witnesses, specifically Mr. Harrow and your expert, that will be published in the media and then used on political hit pieces to attack and defeat Mr. Street. Mr. Harrow is going to essentially say that Mr. Street is a crook, albeit in more direct and colorful language, and regardless of the Court's final ruling, that is the quote that will be used. And while you may scoff and shake your head, the truth is that I see this sort of activity on an almost daily basis during any and all campaigns.

When the Court set the trial date, my concerns, at least as they relate to this litigation, were speculative. The most recent Register story confirms my worse fears. Therefore, I would respectfully request that you agree to continue the trial until after the June 2010 election. If you are unable or unwilling to agree to a continuance, then I will have no alternative but to seek to continue the trial pursuant to a motion.

As always, thank you for your continued courtesy and cooperation. I look forward to hearing from you regarding the depositions and the continued trial.

Sincerely,

Phillip B Greer



THE ORANGE COUNTY
# REGISTER
ocregister.com

Wednesday, September 16, 2009

# Fraud trial set for O. C. Treasurer Chriss Street

## Judge sets Feb. 2 for long-delayed civil lawsuit against O.C. treasurer-tax collector.

**By RONALD CAMPBELL**

The Orange County Register

Orange County Treasurer-Tax Collector Chriss Street will face trial early next year in a $7 million fraud lawsuit.

U.S. Bankruptcy Judge Richard M. Neiter scheduled the three-day trial to start Feb. 2 in Los Angeles.

Street had wanted to delay the trial past June 8, when he is up for reelection. By choosing an earlier trial date, Neiter all but assured a verdict before the March 12 candidate filing deadline. He will hear the case without a jury.

Street was trustee of the bankrupt Fruehauf Trailer Corp. for nearly seven years, until he was forced out in August 2005. His successor as trustee, Los Angeles money manager Daniel Harrow, sued Street for fraud in February 2007, shortly after Street became county treasurer.

The lawsuit alleges that Street milked Fruehauf to enrich himself and to build a trucking empire, rather than repay Fruehauf's thousands of creditors. Street has said he successfully managed Fruehauf and that Harrow is pursuing a political vendetta.

The case has bedeviled Street's political career and personal finances.

He has had to give extensive testimony twice. Both times, the transcripts became public. The transcripts revealed that Street had billed Fruehauf for lavish trips and meals as well as $7,000 in double-billings for a laptop computer, $6,000 for a personal trainer and $1,100 for an overnight trip to a luxury hotel in New York.

Street has said his expenses were in line with what his contract allowed.

The transcripts came on top of official controversies, including an extensive remodel of his office and his purchase of a $80 million structured investment vehicle that later defaulted.

Advertisement



get proven, proactive **identity theft protection**

⊕ **LifeLock.**
#1 In Identity Theft Protection™

**1-888-896-1878**

Print Powered By 📄 Format Dynamics™

Sep 22 09 12:04p          Phillip B. Greer          (949) 759-7687          p.4

Treasurer Chriss Street gets fraud trial date | street-fruehauf-trial-transcripts-case

## THE ORANGE COUNTY
# REGISTER
ocregister.com

The long-running case also has drained his wallet. He mortgaged and then sold his Corona del Mar home in 2007 to pay legal bills. He ran up an additional $640,000 in unpaid fees to a Delaware law firm before that firm abandoned him in October 2008.

Court papers at the time said that Street was broke and could no longer fund his defense.

But his local attorney, Philip Greer, said then that the situation was not so dire: "It has hurt him, but it has not broken him, " Greer said at the time. "He's not selling oranges by the freeway."

**Contact the writer:** 714-796-5030 or rcampbell@ocregister.com

Advertisement



Send flowers for any occasion
Bouquets $19.99 +s/h
from ProFlowers

Order ONLY at
proflowers.com/happy
or call 1-877-888-0688

Print Powered By ☑ Format Dynamics

Sep 22 09 12:02p    Phillip B. Greer    (949) 759-7687    p.5

# EXHIBIT L

**Sellers, Jacob**

| | |
|---|---|
| **From:** | Sellers, Jacob |
| **Sent:** | Thursday, October 01, 2009 4:26 PM |
| **To:** | 'surflaw@aol.com' |
| **Cc:** | Kugler, Robert; DeMay, Robert |
| **Subject:** | RE: Street v. EORT/ATII |

Phil,

At Ms. Lyons deposition yesterday you stated that you were still working on this, but would have it done shortly.  Please provide us with a copy of the order prior to filing it with the Court.

Jacob

-----Original Message-----
From: surflaw@aol.com [mailto:surflaw@aol.com]
Sent: Wednesday, September 23, 2009 11:25 PM
To: Sellers, Jacob
Cc: Kugler, Robert; DeMay, Robert
Subject: Re: Street v. EORT/ATII

should have it done tomorrow
are we confirmed on the deposition dates any comments (other than the usual) on continuing the trial

-----Original Message-----
From: Sellers, Jacob <jacob.sellers@leonard.com>
To: Surflaw@aol.com
Cc: Kugler, Robert <robert.kugler@leonard.com>; DeMay, Robert <robert.demay@leonard.com>
Sent: Thu, Sep 17, 2009 8:30 am
Subject: Street v. EORT/ATII

Phil,

As a follow-up to
yesterday's pre-trial conference, please be sure to provide us with a copy of the order
you are required to the submit to the Court in the advancement action prior to your filing
of that order.  Thanks.

Jacob


Jacob B.
Sellers
Attorney
LEONARD, STREET AND DEINARD

    Professional
Association
150 South
Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1758
Facsimile: (612) 335-1657
mailto:
jacob.sellers@leonard.com

-----------------------------------------------------------------
CONFIDENTIALITY NOTICE: The information contained in this e-mail is confidential, may be
legally privileged, and is intended only for the use of the party named above. If the

reader of this e-mail is not the intended recipient, you are advised that any
dissemination, distribution, or copying of this e-mail is strictly prohibited. If you have
received this e-mail in error, please immediately notify us by telephone at 612.335.1500
and destroy this e-mail.
------------------------------------------------------------
----------

# EXHIBIT M

## Sellers, Jacob

**From:**    Surflaw@aol.com
**Sent:**    Monday, October 05, 2009 12:53 PM
**To:**      Kugler, Robert; Sellers, Jacob
**Subject:** Harrow v Street

Gentlemen,

As to the other action, we have decided to stipulate to the judgment and  take an appeal. My question to  you is, will you be willing to stipulate to extend the time to file the appeal till sometime after the trial in the underlying matter.

Thank you for your courtesy when we were back there.

phil greer

# EXHIBIT N

## Sellers, Jacob

**From:**    Kugler, Robert

**Sent:**    Tuesday, October 06, 2009 10:23 AM

**To:**    'Surflaw@aol.com'; Sellers, Jacob

**Subject:** Re: Harrow v Street

Phil:

The Trust is unwilling to agree to an extension of time for an appeal. Jacob has previously sent you a draft
Stipulation for Judgment. Please execute this (if acceptable) and we will see that it gets filed and an order gets
entered.

Rob

**From:** Surflaw@aol.com
**To:** Kugler, Robert; Sellers, Jacob
**Sent:** Mon Oct 05 12:53:05 2009
**Subject:** Harrow v Street

Gentlemen,

   As to the other action, we have decided to stipulate to the judgment and take an appeal. My question to you
is, will you be willing to stipulate to extend the time to file the appeal till sometime after the trial in the underlying
matter.

   Thank you for your courtesy when we were back there.

phil greer

# EXHIBIT O

### Sellers, Jacob

| | |
|---|---|
| **From:** | Surflaw@aol.com |
| **Sent:** | Tuesday, October 06, 2009 6:56 PM |
| **To:** | Kugler, Robert; Sellers, Jacob |
| **Subject:** | Re: Harrow v Street |

you are a tough man to negotiate with,,,,if you could please resend the document, i will execute it.

on another subject, i am going to go in and ask for a continuance based upon the press coverage and what i feel would be a denial of street's due process rights. are there any times that are better than others for you to be out here

phil

# EXHIBIT P

## Sellers, Jacob

| | |
|---|---|
| **From:** | Sellers, Jacob |
| **Sent:** | Wednesday, October 07, 2009 10:16 AM |
| **To:** | 'surflaw@aol.com' |
| **Cc:** | Kugler, Robert; DeMay, Robert |
| **Subject:** | RE: Harrow v Street |
| **Attachments:** | STREET_EORT-Order for Judgment.DOC; STREET_EORT-Stipulation for Dismissal and Vacation of Status Conference.DOC |

Phil,

Attached is the draft stipulation for dismissal and order approving the stipulation that we sent to you many months ago.  You will need to insert you bar id number.

Jacob

---

**From:** Surflaw@aol.com [mailto:Surflaw@aol.com]
**Sent:** Tuesday, October 06, 2009 6:56 PM
**To:** Kugler, Robert; Sellers, Jacob
**Subject:** Re: Harrow v Street

you are a tough man to negotiate with,,,,if you could please resend the document, i will execute it.

on another subject, i am going to go in and ask for a continuance based upon the press coverage and what i feel would be a denial of street's due process rights. are there any times that are better than others for you to be out here

phil

# EXHIBIT Q

## Sellers, Jacob

| | |
|---|---|
| **From:** | Sellers, Jacob |
| **Sent:** | Friday, October 09, 2009 9:49 AM |
| **To:** | 'surflaw@aol.com' |
| **Cc:** | Kugler, Robert; DeMay, Robert |
| **Subject:** | FW: Harrow v Street |
| **Attachments:** | STREET_EORT-Stipulation for Dismissal and Vacation of Status Conference (2).DOC; STREET_EORT-Order for Judgment.DOC |

Phil,

Its our recollection that you informed us at the depositions last week that you were leaving for vacation today. We have not yet heard from you regarding the attached stipulation and order. We urge you to provide us with an executed version of the attached prior to your vacation as there may not be sufficient time to resolve this issue before the pretrial conference once you return.  Thanks.

Jacob

---

**From:** Sellers, Jacob
**Sent:** Wednesday, October 07, 2009 10:16 AM
**To:** 'surflaw@aol.com'
**Cc:** Kugler, Robert; DeMay, Robert
**Subject:** RE: Harrow v Street

Phil,

Attached is the draft stipulation for dismissal and order approving the stipulation that we sent to you many months ago.  You will need to insert you bar id number.

Jacob

---

**From:** Surflaw@aol.com [mailto:Surflaw@aol.com]
**Sent:** Tuesday, October 06, 2009 6:56 PM
**To:** Kugler, Robert; Sellers, Jacob
**Subject:** Re: Harrow v Street

you are a tough man to negotiate with,,,,if you could please resend the document, i will execute it.

on another subject, i am going to go in and ask for a continuance based upon the press coverage and what i feel would be a denial of street's due process rights. are there any times that are better than others for you to be out here

phil

# EXHIBIT R

## Sellers, Jacob

**From:** Surflaw@aol.com
**Sent:** Friday, October 09, 2009 12:32 PM
**To:** Sellers, Jacob
**Subject:** Re: FW: Harrow v Street

it is coming back this morning

## Sellers, Jacob

**From:** Surflaw@aol.com
**Sent:** Friday, October 09, 2009 12:36 PM
**To:** Sellers, Jacob
**Cc:** Kugler, Robert; DeMay, Robert
**Subject:** Re: FW: Harrow v Street

My recollection is that the dismissal would be without prejudice

phil

# EXHIBIT S

## Sellers, Jacob

**From:**      Surflaw@aol.com
**Sent:**      Friday, October 09, 2009 1:26 PM
**To:**        Sellers, Jacob
**Cc:**        Kugler, Robert; DeMay, Robert
**Subject:**   Re: Harrow v Street


faxed to blakely...could not find your fax number

# EXHIBIT T

## PHILLIP BARRY GREER
### ATTORNEY AT LAW

Suite B9-531
1280 Bison Road
Newport Beach, California

(949) 640-8911 (phone)
(949) 759-7687 (fax)
surflaw@aol.com

# FAX

To: Scott Blakeley / Jacob Sellers

From: Phil Greer

Re: EOET

Date: 10/8

| | |
|---|---|
| 1 | Phillip Greer (CA Bar No. 96468) **LAW OFFICES OF PHILLIP GREER, ESQUIRE** | Robert T. Kugler (admitted *pro hac vice*) Robert L. DeMay (MN #22081) Jacob B. Sellers (admitted *pro hac vice*) |

<table>
<tr><td>1</td><td>Phillip Greer (CA Bar No. 96468)<br><b>LAW OFFICES OF PHILLIP GREER,</b></td><td>Robert T. Kugler (admitted <i>pro hac vice</i>)<br>Robert L. DeMay (MN #22081)</td></tr>
<tr><td>2</td><td><b>ESQUIRE</b><br>1300 Bristol Street North, Suite 100</td><td>Jacob B. Sellers (admitted <i>pro hac vice</i>)<br><b>LEONARD, STREET AND DEINARD</b></td></tr>
<tr><td>3</td><td>Newport Beach, California 92660<br>Telephone: (949) 640-8911</td><td><i>Professional Association</i><br>150 South Fifth Street</td></tr>
<tr><td>4</td><td>Facsimile: (949) 759-7687</td><td>Suite 2300<br>Minneapolis, MN 55402</td></tr>
<tr><td>5</td><td><b>ATTORNEYS FOR PLAINTIFF</b></td><td>Telephone: (612) 335-1500</td></tr>
<tr><td>6</td><td></td><td></td></tr>
<tr><td>7</td><td></td><td><i>-and-</i></td></tr>
<tr><td>8</td><td></td><td>Scott E. Blakeley (CA Bar No. 141418)</td></tr>
<tr><td>9</td><td></td><td>E-Mail: SEB@BandBLaw.com<br>Bradley D. Blakeley (CA Bar No. 189756)</td></tr>
<tr><td>10</td><td></td><td>E-Mail: BBlakeley@BandBLaw.com<br><b>BLAKELEY & BLAKELEY LLP</b></td></tr>
<tr><td>11</td><td></td><td>1000 Quail Street, Suite 200</td></tr>
<tr><td>12</td><td></td><td>Newport Beach, CA 92660<br>Telephone: (949) 260-0611</td></tr>
<tr><td>13</td><td></td><td>Facsimile: (949) 260-0613</td></tr>
<tr><td>14</td><td></td><td><b>ATTORNEYS FOR DEFENDANTS</b></td></tr>
<tr><td>15</td><td colspan="2" align="center">UNITED STATES BANKRUPTCY COURT FOR THE</td></tr>
<tr><td>16</td><td colspan="2" align="center">CENTRAL DISTRICT OF CALIFORNIA</td></tr>
<tr><td>17</td><td></td><td></td></tr>
<tr><td>18</td><td>In re Fruehauf Trailer Corporation</td><td>Case No. 96-1563 through 96-1572<br>(Jointly Administered)</td></tr>
<tr><td>19</td><td align="right">Debtors</td><td></td></tr>
<tr><td>20</td><td></td><td>Chapter 11</td></tr>
<tr><td>21</td><td>Chriss W. Street</td><td>Adv. No. 08-1868 RN</td></tr>
<tr><td>22</td><td></td><td><b>ORDER FOR JUDGMENT</b></td></tr>
<tr><td>23</td><td align="right">Plaintiff,</td><td></td></tr>
<tr><td>24</td><td align="center">vs.</td><td></td></tr>
<tr><td>25</td><td></td><td></td></tr>
<tr><td>26</td><td>The End of the Road Trust and American<br>Trailer Industries, Inc.</td><td></td></tr>
<tr><td>27</td><td align="right">Defendants.</td><td></td></tr>
<tr><td>28</td><td colspan="2" align="center">ORDER FOR JUDGMENT</td></tr>
</table>

6005471v1

Upon consideration of the Stipulation between Plaintiff Chriss W. Street ("Street") and Defendants The End of the Road Trust and American Trailer Industries, Inc. (collectively, the "Defendants"), Doc. Entry # __; the Court having reviewed all of the files, records and proceedings and having found good cause herein,

**IT IS HEREBY ORDERED THAT**

1.    All claims and causes of action Street has or might have against the Trust or ATII for *without* advancement in the above-referenced action are hereby **DISMISSED** ~~WITH~~ **PREJUDICE**;

2.    Defendants' motion for summary judgment in the above-caption action dated July 30, 2008, is **GRANTED**;

3.    Defendants are hereby **AWARDED** their costs and disbursements incurred in connection with this action; and

4.    The Court's February 19, 2009, Order continuing the status conference hearing in this matter to March 19, 2009 is hereby **VACATED**.

Dated: _____

_____
Honorable Richard M. Neiter
United States Bankruptcy Judge

ORDER FOR JUDGMENT

2

| | |
|---|---|
| Phillip Greer (CA Bar No. _____)<br>**LAW OFFICES OF PHILLIP GREER,**<br>**ESQUIRE**<br>1300 Bristol Street North, Suite 100<br>Newport Beach, California 92660<br>Telephone:  (949) 640-8911<br>Facsimile:  (949) 759-7687<br><br>**ATTORNEYS FOR PLAINTIFF** | Robert T. Kugler (admitted *pro hac vice*)<br>Robert L. DeMay (MN #22081)<br>Jacob B. Sellers (admitted *pro hac vice*)<br>**LEONARD, STREET AND DEINARD**<br>  *Professional Association*<br>150 South Fifth Street<br>Suite 2300<br>Minneapolis, MN 55402<br>Telephone: (612) 335-1500<br><br>*-and-*<br><br>Scott E. Blakeley (CA Bar No. 141418)<br>E-Mail: SEB@BandBLaw.com<br>Bradley D. Blakeley (CA Bar No. 189756)<br>E-Mail: BBlakeley@BandBLaw.com<br>**BLAKELEY & BLAKELEY LLP**<br>1000 Quail Street, Suite 200<br>Newport Beach, CA 92660<br>Telephone: (949) 260-0611<br>Facsimile: (949) 260-0613<br><br>**ATTORNEYS FOR DEFENDANTS** |

## UNITED STATES BANKRUPTCY COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Fruehauf Trailer Corporation<br><br>                                   Debtors | Case No. 96-1563 through 96-1572<br>(Jointly Administered)<br><br>Chapter 11 |
| Chriss W. Street<br><br>                                   Plaintiff,<br><br>vs.<br><br>The End of the Road Trust and American<br>Trailer Industries, Inc.<br>                                   Defendants. | Adv. No. 08-1868 RN<br><br>**STIPULATION FOR DISMISSAL**<br>~~**WITH**~~ WITHOUT **PREJUDICE** |

STIPULATION FOR DISMISSAL WITH PREJUDICE

## **RECITALS**

A.    **WHEREAS**, on January 9, 2007, Plaintiff Chriss W. Street ("Street") commenced the above-captioned adversary proceeding against Defendants The End of the Road Trust (the "Trust") and American Trailer Industries, Inc. ("ATII" and, collectively with the Trust, "Defendants") in the Delaware Chancery Court by filing a Petition for Advancement and Indemnification (the "Advancement Action").

B.    **WHEREAS**, on February 2, 2007, Defendants removed the Advancement Action to the United States District Court for the District of Delaware (the "Delaware District Court").

C.    **WHEREAS**, on February 14, 2007, Street filed a motion to remand the Advancement Action.

D.    **WHEREAS**, on May 9, 2007, Defendants filed their Answer to the Petition.

E.    **WHEREAS**, on April 29, 2008, the Delaware District Court denied Street's motion to remand and referred the Advancement Action to the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court").

F.    **WHEREAS**, on July 1, 2008, Street filed an Amended and Supplemental Petition for Advancement and Indemnification (the "Amended Petition").

G.    **WHEREAS**, on July 11, 2008, Defendants filed their Answer to the Amended Petition.

H.    **WHEREAS**, on July 30, 2008, Defendants filed their motion for summary judgment in the Advancement Action.

I.    **WHEREAS**, on July 31, 2008, Street filed his motion for summary judgment in the Advancement Action.

STIPULATION FOR DISMISSAL WITH PREJUDICE

2

J.    **WHEREAS,** on September 17, 2008, the Delaware Bankruptcy Court denied Street's motion for summary judgment and, in light of that denial, found Defendants' motion for summary judgment moot.

K.    **WHEREAS,** in denying Street's motion the Delaware Bankruptcy Court found the employment agreements upon which Street's advancement claims relied invalid and unenforceable.

L.    **WHEREAS,** the Delaware Court stated that Street could go forward on his claim for advancement if he so desired, but would have to establish that Daniel W. Harrow, in his capacity as successor trustee of the Trust (the "Successor Trustee"), abused his discretion under the Liquidating Trust Agreement when he declined to advance litigation cost to Street.

M.    **WHEREAS,** on October 9, 2008, the Delaware Bankruptcy Court transfered venue of the Advancement Action to this Court.

N.    **WHEREAS,** Street does not desire to proceed to a trial on the merits on the issue of whether the Successor Trustee abused his discretion under the Liquidating Trust Agreement when he declined to advance litigation cost to Street.

O.    **WHEREAS,** Street desires that the Court enter judgment in favor of the Defendants, preserving only Street's right to appeal the Delaware Court's denial of Street's motion for Summary Judgment.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED TO** by and between Street and the Defendants as follows:

1.    Defendants' motion for summary judgment in the above-caption action dated July 30, 2008, shall be granted.

STIPULATION FOR DISMISSAL WITH PREJUDICE

3

2.  Except that Street's right to appeal from the denial of his July 30, 2008 motion for summary judgment is preserved during the time permitted for taking an appeal from entry of judgment on this stipulation, all claims and causes of action Street has or might have against the Trust or ATII for advancement in the above-referenced action are hereby dismissed ~~with~~ without prejudice by stipulation pursuant to Fed. R. Civ. P. 41.

3.  Defendants shall be awarded their costs and disbursements incurred in connection with the above-captioned action pursuant to Fed. R. Civ. P. 54(d).

Dated: __10/9/__ , 2009

_____
Phillip Green (CA Bar No. _____)

**LAW OFFICES OF PHILLIP GREER, ESQUIRE**
1300 Bristol Street North, Suite 100
Newport Beach, California 92660
Telephone: (949) 640-8911

Facsimile: (949) 759-7687

_____
Scott E. Blakeley (CA Bar No. 141418)
Bradley D. Blakeley (CA Bar No. 189756)

**BLAKELEY & BLAKELEY LLP**
1000 Quail Street, Suite 200
Newport Beach, CA 92660
Telephone: (949) 260-0611
Facsimile: (949) 260-0613

-and-

Robert T. Kugler (admitted *pro hac vice*)
Robert L. DeMay (MN #22081)
Jacob B. Sellers (admitted *pro hac vice*)

**LEONARD, STREET AND DEINARD**
 *Professional Association*
150 South Fifth Street
Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500

STIPULATION FOR DISMISSAL WITH PREJUDICE

4

# EXHIBIT U

**LEONARD
STREET
AND
DEINARD**

150 SOUTH FIFTH STREET SUITE 2300
MINNEAPOLIS, MINNESOTA 55402
612-335-1500 MAIN
612-335-1657 FAX

JACOB B. SELLERS
612-335-1758 DIRECT
JACOB.SELLERS@LEONARD.COM

October 14, 2009

*VIA E-MAIL, U.S. MAIL AND FACSIMILE*

Phillip B. Greer, Esq.
1280 Bison Road, B9-531
Newport Beach, California 92660

Re:    *Daniel W. Harrow, as Successor Trustee of The End of the Road Trust, and American
Trailer Industries, Inc. v. Chriss W. Street; Adv. Proceeding No. 08-1865 RN.*

Dear Phil:

We have now received the stipulation consenting to final judgment and order you executed on behalf of Mr. Street and faxed to Scott Blakeley. Before signing, you unilaterally changed "with prejudice" to "without prejudice." This stipulation, that was originally sent to you on March 16, 2009, has always provided that the dismissal of Mr. Street's action must be with prejudice. The Successor Trustee will under no circumstances stipulate to a dismissal without prejudice.

We understand that you are on vacation but in the event Mr. Street is unwilling to stipulate to a dismissal with prejudice, we must insist that you immediately provide us with the joint pre-trial order that, under the Local Rules, was required to be served upon us by October 7, 2009. Please be advised that in the event you again fail to provide us with the joint pre-trial order forthwith (or an executed stipulation for dismissal with prejudice) we will, in accordance with the Local Rules, file a declaration attesting to your failure to provide us with the joint pre-trial order. We will asking the Court dismiss Mr. Street's action with prejudice as a sanction for that failure. The likely result of such a dismissal is that Mr. Street will forego his right of appeal. Please let us know how you wish to proceed.

Very truly yours,

**LEONARD, STREET AND DEINARD**

Jacob B. Sellers

JBS:cmb

# EXHIBIT V

## Sellers, Jacob

| | |
|---|---|
| **From:** | Surflaw@aol.com |
| **Sent:** | Thursday, October 22, 2009 7:37 PM |
| **To:** | Bird, Callie |
| **Cc:** | Sellers, Jacob; Kugler, Robert; DeMay, Robert |
| **Subject:** | Re: Daniel W. Harrow, as Successor Trustee of The End of the Road Trust, and ... |

i will have a response tomorrow (Friday)